IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Naarl Richard, | ) C/A No.: 0:10-2022-HMH-PJG |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Det. Pritchard, Officer; Det. Jason Roy; Officer D. | ) |
| Bailey; M. Hughes North Charleston Police | ) |
| Department, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

The petitioner, Naarl Richard ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is a pre-trial detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner challenges his pre-trial detention claiming the evidence against him was obtained through an illegal search. He also alleges there was no evidence presented that the house and automobile under surveillance by the police belonged to him. He wants the evidence that was obtained to be suppressed and he asks that his case be dismissed.

Petitioner has also filed an amended petition. He claims the detectives who stopped his vehicle and arrested him incorrectly listed the amount of heroin that was found at 387.3 grams. Petitioner states that the State Law Enforcement Division's ("SLED's") chemical

PJG

analyst reported that less than forty (40) grams of heroin were found. He reiterates his argument from his original petition that the police did not obtain a search warrant and therefore "went beyond their discretion" when they searched his vehicle.

The petitioner alleges that during the traffic stop, he was asked to present "the needed documents." Petitioner states he handed a passport to the police officer who "asked [the petitioner] to exit the vehicle under suspicions (sic) that [he] had provided false documents." According to the Amended Petition, the police officer performed a "pat down" and handcuffed the petitioner. Petitioner argues that the police had no reason to search his vehicle for narcotics based on the alleged presentation of false documentation, and, therefore, the search was improper. He asks again, in his Amended Petition, for the evidence to be suppressed and for his case to be dismissed.

Plaintiff has also filed a motion seeking the suppression of evidence. In his motion, he alleges that a search warrant was forged by "someone other than the authorize[d] official." (ECF No. 15.)

### *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*PJG*

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37 (1971); Harkrader v. Wadley, 172 U.S. 148, 19 S.Ct. 119 (1898); Taylor v. Taintor, 83 U.S.

366 (1873); <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, 887 F.2d 49 (4th Cir. 1989). In <u>Cinema Blue of Charlotte, Inc.</u>, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52; <u>see</u> <u>also</u> <u>Bonner v. Circuit Court of St. Louis</u>, 526 F.2d 1331 (8th Cir. 1975) (<i>en banc</i>). In <u>Bonner</u>, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." 526 F.2d at 1336.

Furthermore, a state prisoner must exhaust his available state remedies by presenting any federal constitutional claim to the state courts as a condition precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 477, 93 S.Ct. 1827 (1973). If the petitioner is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. <u>Castille v. Peoples</u>, 489 U.S. 346 (1989). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. <u>See</u> S.C. Code Ann. §§ 17-27-10, <u>et seq.</u> Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. <u>See</u> S.C. Code Ann. § 17-27-100; <u>Knight v. State</u>, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy. <u>Castille</u>, 489 U.S. 346. The United States Court of Appeals for the Fourth Circuit has held that South



Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at S.C. Code Ann. §§ 17-27-10 et seq., is also a viable state court remedy. See Miller v. Harvey, 566 F.2d 879 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

## RECOMMENDATION

Accordingly, the court recommends that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. See Allen v. Perini, 424 F.2d 134 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); cf. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. It is further recommended that the petitioner's motion for suppression of evidence (ECF No. 15) be denied and all other pending motions (ECF No. 18) be terminated.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 7, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).