IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Naarl Richard, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 0:10-2022-PMD |
| v. ) | |
| ) | |
| Det. Pritchard, Officer; Det. Jason Roy; ) | **ORDER** |
| Officer D. Bailey; M. Hughes North ) | |
| Charleston Police Department, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Naarl Richard ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation ("R&R"). This matter comes before the Court upon Petitioner's Objections to the United States Magistrate Judge's R&R that the Court (1) summarily dismiss his Petition without prejudice; (2) deny Petitioner's motion to suppress evidence; and (3) terminate all other pending motions. For the reasons below, the Court denies his request.

**BACKGROUND**

Petitioner was indicted on criminal charges on September 8, 2009 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) for knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of heroin. He is currently incarcerated at the Charleston County Detention Center and is facing this federal charge, no state charges are currently pending against him. On February 1, 2010, petitioner filed a motion to suppress, challenging his pre-trial

1

detention and claiming the evidence against him was obtained through an illegal search. On March 8, 2010, this Court denied petitioner's motion to suppress.

Upon denial of Petitioner's motion to suppress, Petitioner challenged his pre-trial detention by filing a civil complaint for habeas corpus relief on July 28, 2010. The Magistrate Judge subsequently issued an order on August 23, 2010 requiring Petitioner to submit his case in proper form. Thereafter, Petitioner submitted another petition for habeas corpus relief under 28 U.S.C. §2241 on August 30, 2010. Next, the Magistrate issued an order denying Petitioner assistance of counsel, as there is no right to appointed council in habeas cases. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), the Magistrate reviewed this matter for pre-trial proceedings. The Magistrate filed an R&R on October 7, 2010 with recommendations to dismiss the petition for a writ of habeas corpus relief and to deny Petitioner's motion to suppress.

Petitioner filed objections to the Magistrate's R&R on October 13, 15, 19, and 26, 2010. In these objections, Petitioner attempts to reargue his position that was rejected by the Court in the order denying his motion to suppress. He lodges many of his objections multiple times in these four filings. Petitioner's objections are summarized as follows: (1) Petitioner notes that he was originally indicted in state court, then he was indicted in federal court, and once indicted in federal court, the state court charges were dropped. He does not specifically object to the superseding indictment, but states that he "never knew that I can be charged twice in separate courts for the same case." (2) Petitioner stated that under the standard in *United States v. Ojeda Rios*, 495 U.S. 257 (1990), the police did not possess a court order "with all technical aspects of title III requirement required reasonable explanation by government." (3) Petitioner contends that under *Arizona v. Gant*, 129 S.Ct. 1710 (2009), the vehicle search was invalid and all

2

evidence recovered should be suppressed. (4) Petitioner claims the search warrant obtained by police for his residence was invalid due to lack of probable cause. (5) Petitioner claims that the search warrant for his residence was forged by someone other than an authorized office. (6) Petitioner also argues that non-compliance with the statute return requirement on the search warrant for his home renders the warrant invalid and provides grounds for exclusion upon showing of prejudice under *State v. Weaver*, 602 S.E.2d 786 (S.C. 2007).

## **ANALYSIS**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

In this case, the Court adopts the conclusion reached in the Magistrate Judge's R&R that dismisses the petition for writ of habeas corpus relief and denies Petitioner's motion to suppress. However, the Magistrate Judge erroneously assumed that the petitioner had state charges pending and based the holding on the well settled law requiring federal courts to abstain from interfering with a state's pending criminal proceedings. Because Petitioner has no pending state charges, this court bases its conclusion on the grounds set forth below.

Petitioner filed his complaint without a lawyer and continues *pro se*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a

3

complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A defendant in custody awaiting trial maintains the ability to seek a remedy for the time he or she spends incarcerated without benefit of a timely arraignment and/or speedy trial. *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). In *Tootle*, the court noted that a defendant can apply for a writ of habeas corpus with the district court pursuant to 28 U.S.C.A. § 2241(c)(3), alleging that his custody is in violation of his or her due process rights under the Fifth Amendment to the United States Constitution and his right to a speedy trial under the Sixth Amendment. *Tootle* at 383. While *Tootle* explains that there are circumstances under which pre-trial habeas relief may be appropriate, it is rare. "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918). Petitioner's criminal proceeding is still pending. As such, the regular judicial procedure should be followed, because there are no exceptional circumstances justifying entertaining a habeas petition in this case. At an appropriate time, Petitioner may be able to appeal the Court's ruling on his motion to suppress through the normal appellate process, but he may not collaterally attack that ruling while his criminal case is still pending. Therefore, Petitioner's habeas petition is dismissed.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Petitioner's § 2241 petition is **DISMISSED**, without prejudice, and without issuance and service of process.

**AND IT IS SO ORDERED.**

*PATRICK MICHAEL DUFFY*
United States District Judge

**March 7, 2011**
**Charleston, SC**

5